UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT M. MAUPIN, *et al.*,<br>    Plaintiffs<br>  v.<br>SYRIAN ARAB REPUBLIC, *et al.*,<br>    Defendants. | Civil Action No. 17-1213 (CKK) |

**ORDER AND ADMINISTRATIVE PLAN**
(May 7, 2019)

It is, this 7th day of May, 2019, hereby

**ORDERED** that Mr. Alan L. Balarn be appointed as special master to administer the damages proceedings in this case. Pursuant to its authority to appoint special masters "to hear damage claims brought under" 28 U.S.C. § 1605A and similar authority provided by Federal Rule of Civil Procedure 53, and upon consideration of his curriculum vitae and his declaration stating that he does not have a relationship to the parties, attorneys, action, or court that would require disqualification under 28 U.S.C. § 455, the Court appoints Mr. Balaran as a special master to administer damages proceedings in this case. Mr. Balaran must proceed with all reasonable diligence. Mr. Balaran's duties include hearing damages evidence and making recommended findings of fact and conclusions of law as to each Plaintiff's entitlement to damages, including the availability of causes of action for each Plaintiff. He shall have and exercise all of the powers set forth in Federal Rule of Civil Procedure 53(c).

Mr. Balaran is to be guided as to admissibility of evidence by the Federal Rules of Evidence. Authentication as required by Federal Rule of Evidence 901 may be made by any

counsel's representation as an officer of the Court that a proffered document is genuine and is an accurate copy of what that counsel proffers it to be.

Mr. Balaran may communicate *ex parte* with the Court, or with any party with respect to non-substantive matters, to the extent necessary for the efficient administration and management of the damages proceedings.

At the close of the damages proceedings, Mr. Balaran shall file a damages report for each Plaintiff on the electronic docket which shall include a record of his activities. Any party may file an objection to Mr. Balaran's report or recommendation within 21 days of the date it is filed on the electronic docket. Failure to meet this deadline will result in permanent waiver of any objection to the Special Master's findings, report or recommendations. Absent timely objection, the Special Master's findings, reports and recommendations shall be deemed approved, accepted and ordered by the Court, unless the Court provides otherwise. The Court will review objections to the Special Master's findings of fact and conclusions of law de novo. The Court will only set aside Mr. Balaran's rulings on procedural matters for abuse of discretion.

Payment shall be made pursuant to 28 U.S.C. § 1605A(e)(2). For each day Mr. Balaran has worked for an amount of time greater than zero but less than or equal to four hours, Mr. Balaran shall be paid $600.00. For each day Mr. Balaran has worked for an amount of time greater than four hours, Mr. Balaran shall be paid $1,200.00. The Special Master shall also be paid for reasonable business expenses, excluding transportation expenses. Payment for such

business expenses shall be limited to $50.00 per day such expenses are incurred. In addition, the Special Master shall be paid for reasonable transportation expenses, if any, incurred. Should any question as to expenses arise, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business related shall be paid. **SO ORDERED.**

                                            /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge