**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| KENT M. MAUPIN, *et al.*, |
|     Plaintiffs |
|     v. |
| SYRIAN ARAB REPUBLIC, *et al.*, |
|     Defendants. |

Civil Action No. 17-1213 (CKK)

**MEMORANDUM OPINION**
(September 19, 2019)

This case arises from the death of an American, Keith Matthew Maupin, in Iraq sometime between 2004 and 2008. Plaintiffs LeaAnn Cottrell and Stephen Spencer are the half-blood siblings of the decedent on his mother's side, and Plaintiff Kent Maupin is the half-blood sibling of the decedent on his father's side. Plaintiffs allege that Maupin was killed by a terrorist organization led by Abu Mus'ab al-Zarqawi (the "Zarqawi Terrorist Organization"). Proceeding under the Foreign Sovereign Immunities Act ("FSIA"), Plaintiffs allege that Defendants Syrian Arab Republic ("Syria") and the Syrian Military Intelligence provided material support and resources to the Zarqawi Terrorist Organization and accordingly should be held liable for this death. The Court agrees.

Defendants have not answered or otherwise participated in this litigation. The case accordingly proceeded in a default setting. The Court did not require a liability hearing, as this case involves the same issue as was presented in *Foley v. Syrian Arab Republic*, No. 11-cv-699 (D.D.C). In that case, following a liability hearing, this Court concluded that Syria and the Syrian Military Intelligence were liable for the death of Maupin, and provided damages to his estate as well as to his parents. *Foley*, No. 11-cv-699, ECF No. 76; *see also generally Foley v. Syrian Republic*, 249 F. Supp. 3d 186 (D.D.C. 2017). Adopting the factual findings and

1

conclusions of law from *Foley*, in a previous Memorandum Opinion, the Court determined that Plaintiffs established their claims by evidence satisfactory to the Court, and accordingly granted default judgment against Defendants as to liability. March 20, 2019 Memorandum Opinion and Order, ECF No. 27. The Court's findings of fact and conclusions of law in that Memorandum Opinion and Order are incorporated into this Memorandum Opinion as though stated in full. The Court referred the issue of damages to a Special Master.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will now grant Plaintiffs default judgment in this case in full. It will affirm and adopt the Special Master's findings and recommendations on damages.

## I. DISCUSSION

Plaintiffs filed this lawsuit on June 20, 2017. Compl., ECF No. 1. On January 2, 2019, Plaintiffs moved for an entry of default, contending that service had been completed as to Defendants Syria and Syrian Military Intelligence under 28 U.S.C. § 1603(a)(4), and that Defendants had failed to answer or otherwise respond within 60 days. ECF No. 23. On January 3, 2019, the Court granted Plaintiffs' motion. January 3, 2019 Minute Order. The Court found that Plaintiffs had accomplished service by conveying the service documents to the Syrian Ministry of Foreign Affairs by way of the Czech Ministry of Foreign Affairs. Accordingly, the Court ordered the Clerk of the Court to enter a default as to Defendants Syria and the Syrian Military Intelligence pursuant to Fed. R. Civ. P. 55(a). *Id*. The Clerk of the Court entered default on January 3, 2019. ECF No. 24.

---

[1] The Court's consideration has focused on the Special Masters' damages reports, ECF No. 32, and Plaintiffs' Motion for Adoption of the Special Master's Damages Awards, ECF No. 33. In an exercise of its discretion, and noting Plaintiffs' statement that they do not request a hearing, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

The Court was not required to hold a liability hearing in this matter as this case involves the same issue as was presented in *Foley v. Syrian Arab Republic*, No. 11-cv-699 (D.D.C). The Court took judicial notice and adopted the relevant findings of fact and conclusions of law from *Foley* as to Defendants' liability.

In a previous Memorandum Opinion and Order, the Court granted Plaintiffs' motion for default judgment against each Defendant as to liability. ECF No. 26. The Court then appointed Alan Balaran as a Special Master to administer damages proceedings. ECF No. 31. The Court ordered Mr. Balaran to file a damages report. *Id*. The Court further ordered that any party could file an objection to Mr. Balaran's report within 21 days of the filing on the public docket. *Id*. The Court further ordered that failure to meet this deadline would result in permanent waiver of objections to Mr. Balaran's findings, and that absent objection, Mr. Balaran's findings, report and recommendations would be deemed approved, accepted and ordered by the Court, unless the Court provided otherwise. *Id.*

Special Master Balaran reviewed the record in this case upon which the Court based its liability findings, and also received additional evidence. On September 18, 2019, Special Master Balaran filed his damages report. ECF No. 32. The Special Master recommended that each of the three Plaintiffs receive an enhancement of $1 million in addition to the $2.5 million baseline award set out in *Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229 (D.D.C. 2006), for a total of $3.5 million each in compensatory damages for loss of solatium. *Id*. at 16.

Following the Special Master's Report, Plaintiffs filed a Motion asking the Court to adopt the Special Master's report in whole. ECF No. 33. Plaintiffs stated that they have no objections to the Special Master's fact findings or conclusions of law. The Court has reviewed

3

the Special Master's Report and agrees with the Special Master's fact findings and conclusions of law. Accordingly, the Court ADOPTS the Special's Masters Report in full.

## II. CONCLUSION

For the foregoing reasons, the Court adopts and affirms the Special Master's damages report, including the conclusions and analysis. The Court will order that Plaintiffs be granted damage awards in the amounts specified by the Special Master. Default judgment having now been entered for Plaintiffs, this case will be dismissed. An appropriate order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge